# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 16-CV-1034 (JFB)
_____

JAMEL FLOYD,

Petitioner,

VERSUS

MICHAEL KIRKPATRICK,

Respondent.
_____

**MEMORANDUM AND ORDER**
January 26, 2017
_____

JOSEPH F. BIANCO, District Judge:

On March 1, 2016, Jamel Floyd ("petitioner" or "Floyd") petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 2254, challenging his convictions in New York State Court for first-degree burglary, second-degree burglary, first-degree criminal use of a firearm, tampering with physical evidence, and endangering the welfare of a child. (Pet. for Habeas Corpus ("Pet."), ECF No. 1.) A jury convicted petitioner on these charges in 2010, and the court sentenced him to determinate terms of fifteen years in prison followed by five years of post-release supervision on the burglary convictions, an indeterminate term of two to four years in prison on the tampering with physical evidence conviction, and a definite term of one year in prison on the child endangerment conviction, all sentences to be served concurrently.

In this habeas petition, Floyd challenges his conviction on the following grounds: (1) he was denied due process and a fair trial because the prosecutor commented in summation that petitioner failed to call additional alibi witnesses; and (2) he received ineffective assistance of counsel as a result of defense counsel's failure to request an affirmative defense instruction on the burglary charge that the object petitioner displayed was not a loaded weapon capable of producing death or other serious physical injury. Respondent Michael Kirkpatrick, Superintendent of the Clinton Correctional Facility, has moved to dismiss the petition, arguing that it is untimely. For the reasons that follow, this Court grants respondent's motion to dismiss.

I. BACKGROUND

The Court has adduced the following facts from the petition and the Affidavit in Support of Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus. (ECF No. 5 at i–vii ("Resp.'s Aff.").)

## A. Facts

At trial, the prosecution presented evidence that, on August 30, 2007, petitioner and two accomplices forced entry into a house in Hempstead, Nassau County in which five children and four adults were present. (Resp.'s Aff. ¶ 5.) Petitioner and his accomplices forced the victims into a single room at gunpoint. (*Id.*) Petitioner then ransacked a bedroom and severely beat one of the adults before fleeing. (*Id.*) The prosecution charged him with two counts of robbery, one count of burglary in the first degree, one count of criminal use of a firearm in the first degree, one count of burglary in the second degree, one count of tampering with physical evidence, and one count of endangering the welfare of a child. (*Id.* ¶ 7.) A jury convicted petitioner on all but the robbery charges, and the court entered his sentence on June 11, 2010. (*Id.* ¶ 8.)

Petitioner appealed his conviction in February 2011, raising the prosecutorial misconduct and ineffective assistance of counsel arguments he asserts in the Petition. (*Id.* ¶ 9; Pet. at 3.) The Second Department rejected both arguments and affirmed his conviction on July 25, 2012. *See People v. Floyd*, 97 A.D.3d 837 (2012). Petitioner then sought leave to appeal to the New York Court of Appeals, but his application was denied on October 29, 2012. (Pet. at 3; Resp.'s Aff. ¶ 11.) He did not seek certiorari from the U.S. Supreme Court. (Resp.'s Aff. ¶ 11.)

On January 30, 2014, petitioner collaterally challenged his conviction in New York state court by moving to set aside his sentence pursuant to C.P.L. § 440.20. (Pet. at 4; Resp.'s Aff. ¶ 12.) Before the court ruled on the motion, he also moved to vacate his judgment pursuant to C.P.L. § 440.10(1)(h). In separate decisions, the court denied both motions on January 13, 2015. (Resp.'s Aff. ¶ 14; Pet. at 4.) Petitioner's applications for leave to appeal these decisions to the Appellate Division were denied on August 20, 2015 (Resp.'s Aff. ¶ 15), and his application for leave to appeal them to the Court of Appeals was denied on November 23, 2015 (*id.* ¶ 16).

## B. Procedural History

Petitioner filed his petition for a writ of habeas corpus on March 1, 2016. (ECF No. 1.) Respondent filed his motion to dismiss the petition on March 31, 2016, arguing it is untimely. (ECF No. 5.) Petitioner filed a reply in opposition to the motion on July 8, 2016. (ECF No. 9.) The Court has fully considered the parties' submissions.

## II. DISCUSSION

### 1. Timeliness of the Petition

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No 104-132, 110 Stat. 1214, which, among other things, amended 28 U.S.C. § 2244(d)(1) to provide a one-year limitation period for filing a petition for a writ of habeas corpus by a person in state custody pursuant to a state court judgment. The general rule is that the limitation period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute also provides three exceptions under which the one-year limitation period will commence on a later date, specifically:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

§§ 2244(d)(1)(B)–(D). With respect to the final exception, the "burden of demonstrating due diligence rests with petitioner." *Shabazz v. Filion*, 402 F. App'x 629, 630 (2d Cir. 2010). Additionally, evidence is not newly discovered simply because petitioner did not possess it until recently. Rather, if the evidence could have been obtained earlier, "the date when the evidence was actually obtained has no effect on the AEDPA limitation period." *Duamutef v. Mazzuca*, No. 01CIV2553WHPGWG, 2002 WL 413812, at *9 (S.D.N.Y. Mar. 15, 2002).

Here, the Appellate Division affirmed petitioner's conviction on July 25, 2012. Petitioner's application for leave to appeal this decision to the New York Court of Appeals was denied on October 29, 2012. Given that petitioner did not file a petition for a writ of certiorari from the Supreme Court, his judgment became final on January 27, 2013, ninety days after the Court of Appeals denied his application. *See Smith v. Lord*, 230 F. Supp. 2d 288, 291 (E.D.N.Y. 2002) ("A prisoner's judgment of conviction becomes final under Section 2254 of the AEDPA when the United States Supreme Court denies the prisoner's petition for a writ of certiorari or the time for seeking such a writ has expired, which is 90 days.").

Accordingly, under § 2244(d)(1)(A) of the AEDPA, petitioner had one year, *i.e.*, until January 26, 2014, to file his habeas petition. His petition, filed over two years after the deadline, is plainly untimely unless one of the exceptions enumerated in § 2244(d)(1) applies.[1] An examination of petitioner's claims, however, reveals that no such exceptions apply. Petitioner does not argue (nor is there any basis in the record to support an argument) that there was any legal impediment barring him from filing his petition, that there has been any intervening and applicable establishment of a constitutional right to which he would be retroactively entitled, or that the factual predicate for his claims was not discoverable through the exercise of due diligence in the year prior to the filing of his habeas claim.

Petitioner argues that the prosecutor's comments on petitioner's failure to call additional alibi witnesses during summation impermissibly shifted the burden of proof to him and, therefore, denied him due process and a fair trial. (Pet. at 6.) He also argues that he received ineffective assistance of counsel by virtue of his attorney's failure to request an affirmative defense charge on the first-degree burglary count that the object petitioner displayed was not a loaded weapon capable of producing serious physical injury

---

[1] Although the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), petitioner here did not seek state post-conviction relief until January 30, 2014, four days after the expiration of the limitations period, so statutory tolling does not apply. In any event, the tolling period expired, at the latest, on February 21, 2016, ninety days after the Court of Appeals denied his application for leave to appeal the trial court's decision on his collateral challenge, and petitioner still waited until March 1, 2016 to file the petition.

or death. (*Id.* at 7–7A.) Neither argument, however, implicates any of the exceptions to the general rule that the one-year limitation period runs from the date the judgment becomes final.

First, petitioner does not identify any legal bar that prevented him from seeking habeas relief, so § 2241(d)(1)(B) plainly does not apply. Second, petitioner does not identify a new constitutional right pertaining to the prosecutor's conduct or his counsel's performance that would operate retroactively to provide him with relief. On the contrary, the rights he claims were violated were established well before his direct appeal of his conviction to the Appellate Division. *See United States v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994) ("It is established that the government may comment on a defendant's failure to call witnesses to support his factual theories. The government may not, however, go further and suggest that the defendant has the burden of producing evidence." (citations omitted)); *People v. Wells*, 63 A.D.3d 967, 968 (2d Dept. 2009) ("[A] charge on the affirmative defense to robbery in the first degree and burglary in the first degree . . . is warranted 'when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, *i.e.*, that the object displayed was not a loaded weapon capable of producing death or other serious physical injury.'" (quoting *People v. Gilliard,* 72 N.Y.2d 877, 878 (1988))).

The third and final possible justification for the belated filing of his petition is that the factual predicates for his prosecutorial misconduct and ineffective assistance claims were not discoverable with an exercise of reasonable diligence until the year prior to the filing of the habeas petition. Petitioner does not attempt to make this argument, and failing to assert the claim can alone be grounds to find the exception inapplicable. *See, e.g.*, *Goodwin v. Pallito*, No. 2:14 CV 110 (WKS), 2015 WL 778613, at *4 (D. Vt. Feb. 24, 2015) (concluding that § 2244(d)(1)(D) would not apply where petitioner "d[id] not assert that he observed the alleged ineffective conduct only recently"). In any event, as petitioner was present at his trial when the prosecutor made the remark of which he now complains and his attorney failed to request the instruction he now identifies, "the date on which the factual predicate of the . . . claims could have been discovered through the exercise of due diligence" was his trial date. 28 U.S.C. § 2244(d)(1)(D) Thus, the third exception does not apply.

Accordingly, because petitioner's claims were not filed within a year after his judgment of conviction became final and none of the grounds that could trigger the running of the limitation period at a later date apply, petitioner's claim is untimely.

2. Equitable Tolling

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time;" and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

Petitioner seeks equitable tolling on the ground that he did not receive the New York

4

Court of Appeals decision denying him leave to appeal until November 28, 2012. (Pet. at 14.) He also asserts that he waited to file his state post-conviction motion until after the expiration of the limitations period under § 2244(d)(1)(A) because he was undergoing facility transfers, which made it "hard for petitioner to start and complete his legale [sic] motions because petitioner['s] request for law library material and help was denied." (*Id.*) Specifically, from the time the limitations began to run on January 27, 2013 to its expiration on January 26, 2014, petitioner was transferred three times, on October 8, 2013, November 27, 2013, and January 14, 2014. (*Id.*)

Petitioner has not satisfied either prong of the test for equitable tolling. First, the circumstances he has identified as causing his delay—limited access to the law library and facility transfers—do not qualify as "extraordinary." Numerous other courts have similarly concluded that these particular circumstances do not warrant equitable tolling. *See, e.g.*, *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.") (collecting cases); *Davis v. McCoy*, No. 00 CIV. 1681 (NRB), 2000 WL 973752, at *2 (S.D.N.Y. July 14, 2000) ("[L]imited library access, transfers, and lockdowns during the one-year limitations period [do] not constitute extraordinary circumstances.")

Second, petitioner has not shown that he acted "with reasonable diligence" during the limitations period. *Smith*, 208 F.3d at 17. He received notice of the Court of Appeals' decision denying him leave to appeal on November 28, 2012, *before* the limitations period began to run. At that point, his petition indicates he was incarcerated at Great Meadow Correctional Facility and was not transferred to a new facility until October 8, 2013. (Pet. at 14.) He, therefore, had almost nine uninterrupted months in which to file the petition but failed to do so. Moreover, he fails to explain in the petition or in his motion papers how he was diligently pursuing his rights during this time. It follows that petitioner has not met his burden in establishing that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17.

Consequently, the Court concludes that petitioner is not entitled to equitable tolling.

### III. CONCLUSION

For the reasons stated above, respondent's motion to dismiss is granted in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   January 26, 2017
         Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by Yael V. Levy, Assistant District Attorney, on behalf of Madeline Singas, District Attorney, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.

5